UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

USA,

      Plaintiff,

v.                                   Case No: 8:12-cv-833-T-36TBM

WALTER A. BATES and SANDRA J.
BATES,

      Defendants.

_____/

## OPINION AND ORDER

This matter comes before the Court on a bench trial held in this matter on August 19, 2015. The Court, having reviewed the evidence and arguments submitted by both parties and being fully advised on the premises, will grant judgment in favor of Plaintiff for the following reasons.

**I.**    **Introduction**

Plaintiff, the United States of America, brought this action against Defendant Walter A. Bates ("Mr. Bates"), a retired pilot from United Airlines, Inc. ("United") and his wife Sandra J. Bates ("Mrs. Bates") to recover, with interest, an erroneous refund of federal taxes paid to them. The Court denied Plaintiff's Motion for Summary Judgment (Doc. 54) and Defendants' Motion to Dismiss, construed as a Motion for Summary Judgment (Doc. 54). Thereafter, the Court conducted a bench trial on August 19, 2015. At trial, the following witnesses provided live testimony: Sonya Ricks, Walter Bates, Gary Heller, and Sandra Bates.

Upon due consideration of the testimony, exhibits received into evidence, arguments of counsel and the *pro se* defendants at trial, and the applicable law, and being fully advised in the premises, the Court issues the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

## II.        Federal Jurisdiction

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a). Additionally, the Court has jurisdiction over the parties to this action.

## III.      Findings of Fact

Mr. Bates retired as a pilot from United on December 1, 2003. After retiring from United, Mr. Bates began receiving payments from the United Airlines, Inc. Pilots' Supplemental Plan, a non-qualified defined benefit pension plan sometimes identified by the number 1051 UU3 ("The Plan"). On January 26, 2004, United sent a letter to Mr. Bates stating that it had paid, on his behalf, $14,838.91 in FICA taxes based on the present value of The Plan. Joint Exh. 2. The letter explained that United planned to recuperate these pre-paid taxes from Mr. Bates by withholding from his supplemental pension payments in March, April and May of 2004. *Id.*

Mr. Bates and Mrs. Bates filed joint federal income tax returns for 2003 and 2004. At the time of Mr. Bates' retirement, United had been reorganizing under Chapter 11 of the Bankruptcy Code, since filing a petition in the United States Bankruptcy Court for the Northern District of Illinois on December 9, 2002. At the time of Mr. Bates' retirement, United stated that its calculation of the present value of Mr. Bates' benefit from The Plan was $1,023,373.03. *Id.* United further stated that the FICA tax due on the present value of Mr. Bates' benefit from The Plan was $14,838.91. *Id.* During 2004 and 2005, The Plan paid Mr. Bates a total of $131,217.02 before all payments under The Plan were ceased in accordance with rulings made in United's bankruptcy case. United's obligation to pay Mr. Bates the deferred payments under The Plan was discharged in United's bankruptcy case, and Mr. Bates will receive no further payments from The Plan.

The Bates' claim for refund of the pre-paid FICA tax was received by the IRS on January 28, 2008. Joint Exh. 1. Subsequently, the IRS denied the Bates' claim for refund. This denial was

appealed to the Office of Appeals, an independent organization within the IRS whose mission is to help taxpayers and the Government resolve tax disagreements. The Office of Appeals is an alternative to litigation and its mission is to reach a settlement between the parties.

On May 26, 2009 another retired United pilot named William Koopmann filed a lawsuit in the Federal Claims Court against the United States seeking, *inter alia*, a refund of the FICA taxes paid by United relating to his retirement. Koopmann purported to represent over 160 other retired United pilots, including Mr. Bates.[1] On November 18, 2009, the Federal Claims Court granted the Government's motion to strike all plaintiffs except Koopmann from that suit, noting that Koopmann, the only person to sign the complaint, could not represent any other individuals because he was not an attorney.

On April 16, 2010, the IRS Office of Appeals ("OA") sent a letter to Mr. & Mrs. Bates indicating that it was "allowing the full amount of [their] claim." Joint Exh. 5. On May 17, 2010, the United States Treasury issued Mr. & Mrs. Bates a refund of $17,742.33. On May 26, 2010 the Federal Claims Court's Order striking the names of all plaintiffs except Koopmann from *Koopmann v. U.S.* was vacated. The Court also stayed all claims in *Koopmann* to give the plaintiffs an opportunity to obtain counsel. Accordingly, as of May 26, 2010 Mr. Bates was listed as a *pro se* party in the *Koopmann* case.

By letter dated January 27, 2011, the IRS requested that Mr. & Mrs. Bates return the $17,742.33 refund no later than February 4, 2011. Joint Exh. 6. In this letter the IRS alleged that the refund was erroneous because the Bates' claim for refund was untimely and because Mr. &

---

[1] Mr. Bates did not sign the *Koopmann* complaint. At some point, Mr. & Mrs. Bates filled out a "Plaintiff Information" sheet that displayed the *Koopmann* case style and number at the top. There is no evidence of when this document was completed or for what purpose. This document was filed in the *Koopmann* case by persons unknown on May 26, 2010.

Mrs. Bates were plaintiffs in the *Koopmann* case and, therefore, the IRS did not have authority to grant the refund. *Id*. On February 14, 2011, Mr. Bates sent a short letter to the IRS stating:

> I have received your letter dated Jan 27, 2011. As you noted, I am a plaintiff in an ongoing lawsuit in the Court of Federal Claims against the IRS, for refund of these excess FICA taxes. Therefore, I intend to wait for the conclusion of that litigation before taking further action. If you should win I will return the refunded amount and interest, as the Court orders.

Joint Exh. 7.

On June 29, 2012 the United States filed a motion in the *Koopmann* case seeking dismissal of Mr. & Mrs. Bates from that lawsuit because they had already received a refund. Even though Mrs. Bates was never listed as a party to the *Koopmann* case, both Mr. & Mrs. Bates signed and filed a response to the motion to dismiss on July 19, 2012. This motion to dismiss is still pending in the *Koopmann* matter.

Mr. & Mrs. Bates have not yet returned the $17,742.33 refunded to them by the United States Treasury on May 17, 2010.

## IV.   Conclusions of Law and Analysis

The United States has brought this action under 26 U.S.C. § 7405 to recover the money refunded to Mr. & Mrs. Bates.

> To prevail in an action brought under § 7405(b), the Government must prove that: (1) a refund of a sum certain was made to a taxpayer; (2) the tax refund was erroneously issued; and (3) the lawsuit to recover the erroneously issued taxes was timely filed. *See* 26 U.S.C. § 7405(b). Recovery of erroneous refunds under § 7405 is only allowed if the suit is brought within two years of the issuance of the refund, but the suit may be brought at any time within five years of the issuance of the refund "if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact." 26 U.S.C. § 6532(b). "Statutes of limitations sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government. *Badaracco v. C.I.R.*, 464 U.S. 386, 391, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984).

4

*United States v. Brokemond,* 304 Fed. Appx. 765, 766 (11th Cir. 2008). Here, the parties do not

dispute that the refund was issued on May 17, 2010 and this lawsuit was filed on April 17, 2012.

Accordingly, the suit was timely filed. It is also not in dispute that a refund of a sum certain was

made to Mr. & Mrs. Bates. Thus, the question before this Court is whether the tax refund was

erroneously issued.

Plaintiff argues that the refund was erroneous because (1) Defendants' 2008 refund claim

was untimely; and (2) the IRS lacked authority to issue the refund because Walter Bates was a

plaintiff in a case that had been referred to the Department of Justice (DOJ) at the time. Defendants

argue that the claim was not untimely, that they were not plaintiffs in any lawsuit when the refund

was issued, and that the Government does not have the authority to recover a refund issued by the

OA.

Regarding refunds issued by the OA, the IRS policy manual indicates, in relevant part, that:

> A case closed by Appeals on the basis of concessions made by both
> Appeals and the taxpayer will not be reopened by actions initiated
> by the Service unless the disposition involved fraud, malfeasance,
> concealment or misrepresentation of material fact, an important
> mistake in mathematical calculation, or discovery that a return
> contains unreported income, unadjusted deductions, credits, gains,
> losses, etc. resulting from the taxpayer's participation in a listed
> transaction, and then only with the approval of the Appeals Director
> of Field Operations or Appeals Director of Technical Services.
>
> . . . .
>
> A case closed by Appeals on a basis not involving concessions made
> by both Appeals and the taxpayer will not be reopened by action
> initiated by the Service unless the prior disposition involved fraud,
> malfeasance, concealment or misrepresentation of material fact, an
> important mistake in mathematical calculation, or such other
> circumstances that indicates that failure to take such action would
> be a serious administrative omission, and then only with the
> approval of the Appeals Director of Field Operations or Appeals
> Director of Technical Services. The discovery that a return contains
> unreported income, unadjusted deductions, credits, gains, losses,
> etc. resulting from the taxpayer's participation in a listed transaction

> will constitute a serious administrative omission warranting reopening.

I.R.M. 1.2.17.1.3 (01-05-2007) Policy Statement 8-3 (Formerly P-8-50). These same provisions can be found in 26 C.F.R. § 601.106(f)(9)(vii)(h). *See also Johnson v. United States,* 54 Fed. Cl. 187, 192 (Fed. Cl. 2002) ("Pursuant to 26 C.F.R. § 601.106(a)(1)(ii), the [IRS] Appeals Division has the final and exclusive jurisdiction to bind the government to its decision; and both the chief and associate chief have the authority to approve final settlements.") (citation omitted).

The Government argues that these provisions do not apply here because the OA acted outside of its authority when it issued the refund to Mr. & Mrs. Bates as their initial request for refund was untimely. The Government relies on the *Johnson* case to support this argument.

While the facts of *Johnson* are not entirely analogous to the facts here, the Court in *Johnson* clearly held that the Office of Appeals has no authority to issue refunds for taxes paid outside the limitations period imposed by 26 U.S.C. § 6511. 54 Fed. Cl. at 194-195. Therefore, if the Bates' refund request was filed outside the limitations period set forth in § 6511, the refund authorized by the Office of Appeals was unlawful.

Section 6511 provides in pertinent part:

> (a) Period of limitation on filing claim.--
>
> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."
>
> (b) Limitation on allowance of credits and refunds.--
>
> (1) Filing of claim within prescribed period. -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

There is no dispute that the Bates' refund request was filed outside of the time period provided for in this statute. However, Defendants argue that because of their particular circumstances they were unable to file a request for a refund during that time period. Specifically, Defendants note that there was no basis to request a refund until the bankruptcy court definitively ruled that Mr. Bates would no longer be receiving any payments from United under the Plan. Essentially, Defendants argue that the limitations period should be equitably tolled due to the unusual circumstances at play here.

The Court recognizes that the circumstances here are unusual and that the result here, like the result in *Johnson*, seems harsh. *See Johnson*, 54 Fed. Cl. At 192 ("'This court recognizes that the forfeiture of roughly $ 30,000 is a harsh result on these facts . . . .'"). Unfortunately, as in *Johnson*, this Court has no authority to equitably toll the limitations period in this case.

> In drafting sections 7422 and 6511(a), Congress "legislated a set of exceptions to the limitations period prescribed." *Id.* 110 S. Ct. at 1369. If the Court broadened those exceptions, the Court "would be doing little more than overriding Congress's judgment as to when equity requires that there be an exception to the limitations bar." *Id.*

*Vintilla v. United States,* 931 F.2d 1444, 1447 (11th Cir. 1991). Accordingly, the limitations period under section 6511 is not subject to equitable tolling. *Id.* The legislated exception to the limitations period in § 6511 is "financial disability" – a circumstance which is neither argued nor applicable here.[2]

Accordingly, this Court finds that the Office of Appeals exceeded its authority when it authorized the refund of $17,742.33 to the Bates because the request for refund was filed outside

---

[2] "[A]n individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A).

the statutory limitations period provided by 26 U.S.C. § 6511. Therefore, the Bates will be required to return the amount refunded to the United States.

The United States has also requested that the Bates be charged interest on the amount of their refund for the period of time from the date of the refund, May 17, 2010, until the date of judgment. Pursuant to 26 U.S.C § 6002,

> [a]ny portion of an internal revenue tax (or any interest, assessable penalty, additional amount, or addition to tax) which has been erroneously refunded, and which is recoverable by suit pursuant to section 7405 [26 USCS § 7405], shall bear interest at the underpayment rate established under section 6621 [26 USCS § 6621] from the date of the payment of the refund.

The language of this statute makes assessment of interest mandatory, not discretionary. Plaintiff notes that 26 U.S.C. 6404(e)(2) provides:

> The Secretary shall abate the assessment of all interest on any erroneous refund under section 6602 [26 USCS § 6602] until the date demand for repayment is made, unless--
>
> (A) the taxpayer (or a related party) has in any way caused such erroneous refund, or
>
> (B) such erroneous refund exceeds $ 50,000.

However, the statutory language of § 6404(e)(2) does not permit *this Court* to grant an abatement, only the Secretary of the Department of Treasury is permitted to do so. Furthermore, 26 U.S.C. § 6404(h) places the review of abatement decisions exclusively in the hands of the Tax Court – not the District Courts. Accordingly, it appears that, even if the taxpayers did not "cause" the erroneous refund, which Plaintiff argues that they did by virtue of filing the claim for refund and appealing the denial of that claim, this Court has no authority to abate interest on the refund.

Accordingly, it is hereby

**ORDERED AND ADJUDGED that** the Clerk is directed to enter judgment in favor of Plaintiff, the United States of America, and against Defendants, Walter A. Bates and Sandra J.

Bates, in the amount of $17,742.33, plus pre-judgment interest from May 17, 2010 at the rate proscribed by 26 U.S.C § 6002. The Clerk is further directed to close this file.

**DONE AND ORDERED** in Tampa, Florida on November 20, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any